## APPEAL OF MORRISON-RICKER MANUFACTURING CO.

Docket No. 3119.   Submitted July 1, 1925.   Decided October 27, 1925.

Amounts charged to salesmen's accrued commission account and advertising reserve in excess of the amounts actually paid or incurred for commissions and advertising, and an amount charged to an estimated reserve to cover an anticipated loss on merchandise shipped through the return thereof, when no loss is actually sustained within the year, do not constitute legal deductions from gross income.

*C. B. Stiver, Esq.*, for the taxpayer.
*E. G. Smith, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the fiscal years ending November 30, 1917, 1918, 1919, and 1920, in the amounts, respectively, of $19,127.14, $50,813.88, $20,143.72, and $2,129.34, a total of $92,214.08.

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the State of Iowa, with its principal office at Grinnell.

Its present system of accounts and the method of maintaining the same were installed in November, 1907, and have continued to date without material change. During the years under consideration, the accounts were maintained on the accrual basis, and taxpayer's returns for those years were rendered accordingly.

Salesmen were employed by the taxpayer on a commission basis, the commission varying from 8 to 10 per cent of the gross selling price, according to the class of goods for which orders were secured. When an order for goods was received at the taxpayer's general

offices, two-thirds of the selling commission was paid to the salesman responsible for the order or credited to his commission account. The balance of the commission due him was paid or credited to his account when the goods were actually shipped. This arrangement for the payment of commissions to salesmen was in accordance with their contracts of employment.

As a part of its system of accounts the taxpayer maintained in its general ledger an account known as "Accrued Commissions— Account No. 38 2." At the close of each month there was credited to this account an amount representing 10 per cent of the total sales value of goods shipped during the month. From time to time debit entries were made to "Accrued Commissions" account. For each of the years under consideration the total debits and credits to this account and the credit balances were as follows:

| Fiscal year | Total debits | Total credits | Balance |
|---|---|---|---|
| 1916 | | | $6, 118. 41 |
| 1917 | $79, 192. 50 | $73, 074. 09 | |
| 1918 | 48, 188. 49 | 102, 553. 33 | 54, 364. 84 |
| 1919 | 75, 697. 49 | 118, 947. 27 | 97, 614. 62 |
| 1920 | 191, 694. 49 | 180, 401. 86 | 86, 321. 99 |

The taxpayer claimed as deductions in its returns for the years under consideration, on account of salesmen's commissions, the amount of the total credits to the account during each year, as noted above. The Commissioner, after due examination of the taxpayer's books, determined that the claimed deductions exceeded the total commissions which had actually accrued each year by the following amounts:

| | | | |
|---|---|---|---|
| 1917 | $9, 587. 87 | 1919 | $20, 498. 07 |
| 1918 | 25, 212. 12 | 1920 | 39, 424. 77 |

Accordingly, the Commissioner increased the net income of the four years concerned by the amounts indicated above, and the deficiency is predicated in part upon such action.

During each of the years under consideration taxpayer placed orders for advertising space with various periodicals. To take care of expenses incurred or to be incurred in this connection, taxpayer maintained in its general ledger an account known as "Advertising Reserve." There was credited to this account monthly an amount equivalent to 4 per cent of the selling price of all orders shipped during the month. The corresponding debit entries were made against profit and loss, and the total thereof for each year under consideration was claimed as a deduction in the returns. As bills for advertising space were received, they were charged against the "Advertising Reserve" account.

The Commissioner, after due examination of the taxpayer's books of account, determined that the deductions claimed in the returns for the years 1917 and 1918 exceeded the advertising expense actually incurred in those years by the amounts of $14,589.64 and $10,867.07, respectively, and that the deductions claimed in the returns for the years 1919 and 1920 were less than the expense actually incurred in those years by the amounts of $389.59 and $32,771.15, respectively.

The Commissioner increased or decreased the net income for each of the years stated in accordance with the above, and the deficiency is predicated in part upon such action.

During the early part of the fiscal year 1918, the taxpayer accepted orders for merchandise for July, August, and September delivery. As its plant was tied up in the production of articles under a Government contract, taxpayer was unable to fill these orders until November, when shipments were actually made. It was believed at the time these shipments were made that some part thereof would be returned on account of refusal of customers to accept late delivery. Taxpayer estimated that the sales value of goods which eventually would be returned on this account would amount to $30,496.58, and this amount was claimed as a deduction from gross income in the return for the fiscal year 1918. The Commissioner disallowed the deduction. None of the goods shipped were returned during the fiscal year 1918.

DECISION.

The determination of the Commissioner is approved.

OPINION.

LITTLETON: The taxpayer contends that the Commissioner erred: (1) In reducing the deduction claimed in each of the years on account of accrued commissions; (2) in adjusting the deductions claimed in each of the years as accrued advertising expense; and (3) in disallowing a deduction of $30,496.58 set up as a reserve estimated to cover the sales price of goods shipped in November, 1918, which it anticipated would eventually be returned on account of late delivery.

As to the first issue, it appears that the taxpayer employed salesmen on a commission varying from 8 to 10 per cent of the gross selling price, according to the class of goods for which orders were received. The contracts of employment provided that, upon the receipt of orders, two-thirds of the selling commission should either be paid to the salesman responsible for the order, or credited directly to his commission account, the balance of the commission to be paid to him or credited to his account when the goods were actually shipped. Instead of crediting the salesmen with the

actual accrued commission, there was credited at the end of each month to the "Accrued Commissions" account an amount representing 10 per cent of the total sales price of goods shipped during the month. In its return for each of the years 1917 to 1920, inclusive, the total amount so credited during each of these years was deducted from gross income. Upon audit of the returns the Commissioner determined that the deduction for each of the years exceeded the actual accrued commissions and reduced the deductions by the amounts set forth in the findings of fact. No evidence has been submitted upon which we can base a conclusion that the Commissioner's determination of the amount of salesmen's commissions which had actually accrued each year is erroneous, and his determination is, therefore, approved.

With reference to the second issue, it appears that the taxpayer inaugurated an advertising campaign extending over the years here involved, and placed with various publications orders for advertising space. To take care of the expense incurred or to be incurred, it set up an account known as "Advertising Reserve," to which was credited monthly an amount equivalent to 4 per cent of the sales price of all orders shipped during the month, and the total amount so credited during each of the fiscal years was claimed as a deduction from gross income without regard to the actual amount which had accrued for advertising during the year. The Commissioner determined that the deductions claimed in the returns for 1917 and 1918 for advertising exceeded the amounts actually incurred by $14,589.64 and $10,867.07, respectively, and that the deductions claimed in the returns for 1919 and 1920 were less than the expense actually incurred in those years by the amounts of $389.59 and $32,771.15, respectively, and adjusted the net income accordingly. The evidence shows that the amount of advertising expense paid or incurred in each of the years was capable of definite determination, but no evidence has been submitted showing that the Commissioner erred in his determination of the actual amounts incurred for each of the years, and his determination is, therefore, approved.

The third issue relates to the right of the taxpayer to deduct in the year 1918 $30,496.58, estimated to be the sales value of goods which it anticipated would eventually be returned on account of late delivery. The evidence shows that none of the goods were returned during the fiscal year ended November 30, 1918. The goods were shipped just before the close of the fiscal year, and at the end of the year taxpayer had no information that any of the goods would be returned. The Commissioner correctly disallowed the deduction for 1918. *Appeal of William J. Ostheimer*, 1 B. T. A. 18; *Appeal of Consolidated Asphalt Co.*, 1 B. T. A. 79; *Appeal of Uvalde Co.*, 1 B. T. A. 932.